THE STATE OF OHIO, APPELLEE, *v.* JONES, APPELLANT.

(No. C-800374—Decided May 6, 1981.)

Mr. *Simon L. Leis, Jr.,* Mr. *Christian J. Schaefer* and Mr. *Kerry Beringhaus,* for appellee.

*Gustin & Lawrence Co., L.P.A.,* Mr. *Richard D. Lawrence* and Mr. *D. Shannon Smith,* for appellant.

KEEFE, J. This cause came on to be heard upon an appeal from the Court of Common Pleas of Hamilton County.

There is one assignment of error which asserts that:

"The trial court erred to the prejudice of defendant-appellant by finding him guilty of 'breaking and entering,' R.C. 2911.13, after defendant-appellant entered a plea of no contest."

The essence of the factual scenario which eventuated into the breaking and entering conviction may be summarized by stating that defendant-appellant, Miles D. Jones, in company of another, mistakenly entered the house of Richard Navaro (believing it to be the dwelling of someone else who was their friend). They did not realize the mistake until they were inside and turned on the light. Navaro awakened, descended the stairs and saw Jones disconnecting his stereo. Jones also had moved Navaro's camera to a location whence it appeared he intended to remove it from Navaro's house. Jones was indicted for *aggravated burglary* in violation of R.C. 2911.11, but he entered his plea of no contest to the crime of *breaking and entering.* Just how this was engineered is somewhat puzzling, but neither party presents it as an issue in this appeal; and, thus, we do not evaluate the regularity of this facially novel procedure. It seems to have been part of the plea bargaining which transpired in the trial court. Resultantly, we are bound to assume that the no contest plea entered by Jones was in effect responding *not* to the indicted crime of aggravated burglary, but rather to the plea-bargained crime of breaking and entering.

Therefore, the question *sub judice* becomes: was the language of the indictment sufficient to include all the elements of breaking and entering? Crim. R. 11(B)(2). (The state and defense counsel agreed on the facts which constituted the wrongdoing.)

R.C. 2911.13, breaking and entering, reads, in relevant part, as follows:

"(B) No person shall trespass on the land or premises of another, with purpose to commit a felony.

"(C) Whoever violates this section is guilty of breaking and entering, a felony of the fourth degree."

Both the charge in the indictment and the factual recitation by the prosecuting attorney substantiated the crime of breaking and entering as defined by R.C. 2911.13(B). Jones trespassed on Navaro's premises (his house) and had a definite purpose — although formulated after entry — to commit a felony, that is, grand theft, a felony of the fourth degree. We have no reservation in deciding that a trespass was committed. A criminal trespass, according to R.C. 2911.21, includes remaining on the premises of another without permission; that is clearly what Jones did after realizing that he was in the home of a stranger with no privilege — direct or implied — to be there. Furthermore, the fact that Jones's "purpose to commit a felony" was formed after entry — but, nevertheless, while still a trespasser — does not remove his actions from the scope of the breaking and entering statute. We emphasize that we are holding that the "purpose to commit a felony" element in R.C. 2911.13(B) may legally be formed while the trespass is in progress, and the plan need not be fashioned prior to the trespass.

The assignment of error is without merit. The judgment below is affirmed.

*Judgment affirmed.*

BLACK, P.J., and KLUSMEIER, J., concur.