The STATE of Ohio, Appellee,

v.

LEWIS, Appellant.

[Cite as *State v. Lewis* (1992), 78 Ohio App.3d 518.]

Court of Appeals of Ohio,
Ross County.

No. 1716.

Decided March 4, 1992.

*Scott W. Nusbaum,* Assistant Prosecuting Attorney, for appellee.

*Phillips & Street* and *John B. Street*, for appellant.

---

GREY, Judge.

This is an appeal from a jury verdict of the Ross County Court of Common Pleas finding Benjamin Lewis guilty of aggravated burglary in violation of R.C. 2911.11. We reverse.

On April 13, 1990, Lewis drove to the home of Lee Lake to purchase eggs. Not finding anyone on the side porch where the eggs were sold, Lewis entered Lake's home through an unlocked door. Once inside the Lake home, Lewis saw Lake's checkbook, picked it up, and put it in his pocket. Sometime later, Lewis' parents found Lake's checkbook and turned it in to the sheriff's department.

Weeks later Lewis was arrested one night for disorderly intoxication. The next morning, Lewis gave officers a written statement and made several incriminating oral statements concerning the events of April 13, 1990. Although an officer read Lewis his *Miranda* rights, Lewis later claimed that he did not understand them and did not voluntarily waive them because he was still intoxicated. He stated that after he sobered up he had no memory of making those statements. Lewis moved to suppress those statements and a hearing was held on July 23, 1990. The trial court overruled Lewis' motion and the matter went to jury trial on July 26, 1990.

At trial Lewis testified that he went to the Lake residence to buy eggs, and did not enter Lake's house with the intent to steal anything. The court stated that it intended to instruct the jury that the purpose to commit a theft may be formed while a trespass was in progress and need not be fashioned prior to the trespass. In its charge to the jury the court defined "force" as " * * * any *effort*, compulsion, or constraint exerted or used against a thing to gain entrance."

The jury returned a verdict of guilty and Lewis was sentenced to an indefinite term of six to twenty-five years in the Ohio Reformatory. Lewis appeals and assigns four errors.

FIRST ASSIGNMENT OF ERROR

"The trial court erred by admitting into evidence written and oral statements that defendant made to law enforcement officials."

Lewis asserts that the trial court should have suppressed the oral and written statements he gave to the officers because he did not give them voluntarily. We disagree.

■■■ In a hearing on a motion to suppress, the prosecution has the burden to prove that a defendant's statements were voluntarily given. *State v. Garcia* (1986), 32 Ohio App.3d 38, 513 N.E.2d 1350. In order for a court to determine if a defendant's statement was voluntarily given a court must look at the totality of the circumstances. *State v. Arrington* (1984), 14 Ohio App.3d 111, 14 OBR 125, 470 N.E.2d 211.

In making such a determination a court is granted broad discretion. It is the function of the court as the trier of fact to assess the credibility of the witnesses. *State v. Scott* (1980), 61 Ohio St.2d 155, 15 O.O.3d 182, 400 N.E.2d 375.

■■■ Below, the court heard testimony from Officer Ramey, who questioned Lewis and took his statements. Ramey stated that he read Lewis his *Miranda* rights from the waiver of rights form. He also testified that he allowed Lewis to read the form himself. Ramey testified that Lewis indicated that he was not under the influence of drugs or alcohol at the time that he made the statements. Ramey also testified that based on Lewis' demeanor he did not believe that Lewis was under the influence at the time of questioning.

Lewis' testimony differed significantly from Ramey's. Lewis testified at the suppression hearing that he was so intoxicated that he did not even remember making a statement and did not know that he had made one until the preliminary hearing.

The trial court could not believe both Ramey and Lewis, but, pursuant to *Scott,* assessed the credibility of the witnesses and found Ramey's testimony more credible. We cannot hold that such a finding is not justified by the record. Here, Lewis' first assignment of error is not well taken and is overruled.

SECOND ASSIGNMENT OF ERROR

"The trial court erred in ruling that the purpose to commit a theft offense could be formed after a trespass by force had occurred."

■■■ Appellee contends that the trial court did not err in ruling that the purpose to commit a theft offense could be formed after a trespass had occurred. Appellee relies on *State v. Jones* (1981), 2 Ohio App.3d 20, 2 OBR 21, 440 N.E.2d 580. We find appellee's reliance to be misplaced.

R.C. 2911.11 defines "aggravated burglary" as:

"No person, by force, stealth, or deception, shall trespass in an occupied structure, as defined in section 2902.01 of the Revised Code, or in a separately

secured or separately occupied portion thereof, with purpose to commit therein any theft offense * * *."

The statutory language above clearly indicates that the trespass in an occupied structure must be contemporaneous with the purpose to commit a theft offense. The legislature could have provided that where an individual trespasses first and then decides to commit a theft, it would be included under the aggravated burglary statute, but it did not. To interpret this statute to hold that it did is an affront to the constitutional power of the legislature to decide which acts shall be crimes, and which acts shall be more serious or less serious crimes.

In *Jones*, the First District Court of Appeals interpreted the breaking and entering statute, which also requires a trespass with the purpose to commit a felony, as allowing for an individual to form an intent after the trespass had taken place. We are not persuaded by the First District's reasoning in *Jones*. Rather, we believe that the legislature's intent in creating R.C. 2911.11 is clear. The purpose to commit a felony must exist at the initial trespass to support an aggravated burglary charge. See *State v. Magnuson* (1981), 2 Ohio App.3d 21, 2 OBR 23, 440 N.E.2d 581; *State v. Barksdale* (1983), 2 Ohio St.3d 126, 2 OBR 675, 443 N.E.2d 501; *State v. Canitia* (Jan. 19, 1984), Cuyahoga App. No. 46946, unreported, 1984 WL 14176.

██ There is no question that the legislature could have included those situations where the intent is formed after the trespass. However, where the legislature says aggravated burglary shall be trespass with intent, a court may not say that trespass without intent is also aggravated burglary. A court may not, under the guise of construction, eliminate a distinction the legislature has created in the language of the statute.

Let us suppose that the legislature wanted to differentiate between trespass with intent and trespass without intent. How else could the legislature express this difference except by using the very language of the statute?

Thus, we find that the trial court erred in ruling that a court may find an individual guilty of aggravated burglary even if the purpose to commit a theft offense was formed after the initial trespass had occurred. Lewis' second assignment of error is well taken and is sustained.

THIRD ASSIGNMENT OF ERROR

"The trial court erred in instructing the jury that 'force means any effort, compulsion, or constraint exerted or used against a thing to gain entrance.'"

R.C. 2901.01(A) defines "force" as "any violence, compulsion or constraint physically exerted by any means upon or against a person or thing."

■ The court below instructed the jury that "force" was "any *effort*, compulsion or constraint exerted or used against a thing to gain entrance." Instructions to a jury must be a correct statement of the law. See, generally, *Cincinnati v. Epperson* (1969), 20 Ohio St.2d 59, 49 O.O.2d 342, 253 N.E.2d 785; *State v. Theuring* (1988), 46 Ohio App.3d 152, 546 N.E.2d 436. The trial court erred in its instruction since "effort" is not contained in the statutory definition of "force" and was not a correct statement of the law. Lewis' third assignment of error appears to this writer to be well taken. However, the reader is directed to read the attached concurring and dissenting opinions.

FOURTH ASSIGNMENT OF ERROR

"The verdict was contrary to the manifest weight of the evidence."

■ In reviewing a claim that a jury verdict was against the manifest weight of the evidence, or that the evidence was insufficient, a reviewing court's duty is to review the record to determine whether there was sufficient evidence for the jury to find defendant guilty beyond a reasonable doubt. *State v. Brown* (1988), 38 Ohio St.3d 305, 528 N.E.2d 523. It is fundamental that the weight to be given the evidence and the credibility of the witnesses are primarily for the trier of facts. *State v. Thomas* (1982), 70 Ohio St.2d 79, 24 O.O.3d 150, 434 N.E.2d 1356. Below, the state presented testimony and Lewis took the stand in his own defense. The jury was in the best position to assess the credibility of the witnesses. Thus, we will defer to the jury's ability to assess the credibility of the witnesses and to weigh the evidence. We will not substitute our judgment for that of the jury below. Lewis' fourth assignment of error is not well taken and is overruled.

As noted above, assignment of error three is found to be not well taken by a majority of the court and therefore is overruled. Based on our ruling on Lewis' second assignment of error, we reverse the judgment of the trial court and remand the matter for proceedings consistent with this opinion.

*Judgment accordingly.*

HARSHA and ABELE, JJ., concur in part and dissent in part.

HARSHA, Judge, concurring in part and dissenting in part.

I concur with the principal opinion's disposition of assignments one, two and four. However, I concur with Judge Abele's opinion and disposition of assignment three.

PETER B. ABELE, Judge, concurring in part and dissenting in part.

I respectfully dissent with respect to appellant's third assignment of error. See *State v. Lane* (1976), 50 Ohio App.2d 41, 4 O.O.3d 24, 361 N.E.2d 535, and *State v. Dye* (June 26, 1986), Ross App. No. 1117, unreported, 1986 WL 7246.

I concur in the judgment and opinion with respect to appellant's first, second, and fourth assignments of error. I write separately to further discuss appellant's second assignment of error.

I agree with the majority opinion that R.C. 2911.11 requires that the trespass in an occupied structure must be contemporaneous with the purpose to commit the theft offense. In other words, under R.C. 2911.11 a defendant must have formed his purpose to commit a theft offense before he commits the trespass. Although there are divergent views on this issue, I agree with the majority opinion and the cases cited therein in support of this interpretation of the statute.

Some jurisdictions need not address this issue. For example, the Texas burglary statute expressly provides that the commission of a felony offense or a theft offense within a "building or habitation" constitutes the crime of burglary. Vernon's Tex.Code Ann., Penal Code, Section 30.02 provides in pertinent part:

"Burglary

"(a) A person commits an offense if, without the effective consent of the owner, he:

" * * *

"(3) *enters a building or habitation and commits or attempts to commit a felony or theft.* * * *" (Emphasis added.)

Thus, the Texas statute does not contain an element requiring that an offender must have formed his purpose to commit the offense before he commits the trespass.