OPINION
Defendant-appellant, Dennis White, appeals from his conviction in the Franklin County Court of Common Pleas on two counts of burglary. For the following reasons, we affirm appellant's conviction but reverse his sentence.
Appellant was indicted on two counts of burglary related to a February 15, 1997 incident in which appellant forcibly entered the apartment of Robin Laughlin. Count 1 alleged a violation of R.C. 2911.12(A)(1), a second degree felony; Count 2 alleged a violation of R.C. 2911.12(A)(4), a fourth degree felony. Appellant pleaded not guilty, and a bench trial commenced on March 30, 1998.
At the trial, the state presented evidence showing that Theodora Nellons, Robin Jackson, and two other women had been engaged to dance at the Aztec Lounge on the night of February 14, 1997. Ms. Laughlin was acting as the dancers' bodyguard that evening. Appellant was a patron at the Aztec Lounge. Later in the evening, the dancers, and several men, returned to Ms. Laughlin's nearby apartment for a private, after-closing party. Appellant, who claimed to have been invited to the party by one of the dancers, also arrived at Laughlin's apartment, seeking a private dance with Ms. Jackson. When it became evident that appellant did not have enough money for the private dance, he was forcibly escorted out of the apartment by several of the other men.
When the party ended, Laughlin and Jackson drove the other two dancers home. Nellons, who had passed out on the living room couch, was left alone in the apartment fully clothed. When Laughlin and Jackson returned to the apartment approximately twenty-five minutes later, they saw that the front door to the apartment was open. Laughlin testified that she went to the neighbors to call 9-1-1 and saw an unidentified person running away. Jackson testified that she saw appellant stick his head out the doorway of the apartment and then close the door. When Laughlin and Jackson entered the apartment, the window in the door was broken, and Nellons was found still passed out lying on the couch. According to Jackson, Nellons was clothed in a negligee. Laughlin testified that Nellons was on the floor with nothing on. Both testified that there was blood on the couch and near the doorway window, but that no blood was found on Nellons. Nellons was later examined at the hospital, revealing no evidence of sexual molestation.
Police Officers John Blubaugh and Anthony Small were dispatched to the apartment. Blubaugh found footprints in the snow leading away from the back door of the apartment. After taking a report and while driving around the area, the officers spotted appellant, who matched the description they had been given. There was a cut on appellant's right hand, which had been wrapped in what appeared to be a woman's negligee. Appellant was taken into custody. At police headquarters later in the morning, Detective David McKee interviewed appellant. A videotape of this interview was played at trial. On the tape, appellant eventually admitted that he broke into the apartment after everyone had left, hoping to find money or drugs. He left without taking anything except the negligee, which he had used to wrap his bleeding hand.
At trial, appellant testified that he originally rode to the apartment with the dancers but was eventually asked to leave when he refused to contribute money to the cost of purchasing drugs. He admitted that he broke into the apartment after everyone had left, but claimed he did so in order to retrieve his keys that he accidentally left in the apartment. He cut his hand when he broke the glass window and wrapped it in what he thought was a rag that he found in the apartment. Appellant denied seeing Nellons on the couch.
On April 1, 1998, the trial court found appellant guilty of both counts of burglary. A sentencing hearing was held on July 2, 1998, during which the trial court ruled that the two counts merged for purposes of sentencing and that he was sentencing appellant to seven years imprisonment as to Count 1 (violation of R.C. 2911.12[A][1]). On July 7, 1998, the trial court filed a judgment entry sentencing appellant to seven years imprisonment as to Count 1 and six months imprisonment as to Count 2, with the sentences to run concurrently. It is from this judgment entry that appellant appeals, raising the following two assignments of error:
 FIRST ASSIGNMENT OF ERROR: Pursuant to R.C. 2941.25, related counts of burglary charged under different subsections of the burglary statute, were allied offenses of similar import, committed with a single animus, permitting sentence to be imposed for one charge or the other, but not on both.
 SECOND ASSIGNMENT OF ERROR: Though the evidence is sufficient to support conviction for burglary as charged in count two of the indictment, it is insufficient to support conviction for the more serious violation of the burglary statute as charged in count one.
In his first assignment of error, appellant contends that the trial court erred in sentencing appellant on both counts of burglary, contrary to the trial court's pronouncements during the July 2, 1998 sentencing hearing and contrary to the mandates of R.C. 2941.25. The state concedes that the judgment entry does not accurately reflect the trial court's statements at the sentencing hearing and concedes that the matter must be remanded for resentencing. See, e.g., State v. Fredenburg (Sept. 17, 1998), Franklin App. No. 97APA10-1340, unreported (1998 Opinions 4271). As such, appellant's first assignment of error is well-taken to the extent that the trial court's sentencing entry does not comport with the trial court's pronouncements at the sentencing hearing.
In his second assignment of error, appellant challenges the sufficiency and weight of the evidence supporting his conviction on Count 1, burglary, in violation of R.C.2911.12(A)(1). Our review of the record reveals, however, that appellant's conviction is supported by sufficient evidence and is not against the manifest weight of the evidence.
Sufficiency of the evidence is the legal standard applied to determine whether the case should have gone to the jury. State v. Thompkins (1997), 78 Ohio St.3d 380, 386. In other words, sufficiency tests the adequacy of the evidence and asks whether the evidence introduced at trial is legally sufficient as a matter of law to support a verdict. Id. "The relevant inquiry is whether, after viewing the evidence in a light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime proven beyond a reasonable doubt." State v. Jenks (1991), 61 Ohio St.3d 259, paragraph two of the syllabus, following Jackson v. Virginia
(1979), 443 U.S. 307, 99 S.Ct. 2781. The verdict will not be disturbed unless the appellate court finds that reasonable minds could not reach the conclusion reached by the trier of fact.Jenks, supra, at 273. If the court determines that the evidence is insufficient as a matter of law, a judgment of acquittal must be entered for the defendant. See Thompkins, supra, at 387.
Even though supported by sufficient evidence, a conviction may still be reversed as being against the manifest weight of the evidence. Thompkins, at 387. In so doing, the court of appeals, sits as a "thirteenth juror" and after "`reviewing the entire record, weighs the evidence and all reasonable inferences, considers the credibility of witnesses and determines whether in resolving conflicts in the evidence, the jury clearly lost its way and created such a manifest miscarriage of justice that the conviction must be reversed and a new trial ordered.'" Id. (quoting State v. Martin [1983], 20 Ohio App.3d 172,175); see, also, Columbus v. Henry (1995), 105 Ohio App.3d 545,547-548. Reversing a conviction as being against the manifest weight of the evidence should be reserved for only the most "`exceptional case in which the evidence weighs heavily against the conviction.'" Thompkins, at 387.
In Count 1, appellant was convicted of burglary in violation of R.C. 2911.12(A)(1), which provides that no person, by force, stealth, or deception shall:
 (1) Trespass in an occupied structure or in a separately secured or separately occupied portion of an occupied structure, when another person other than an accomplice of the offender is present, with purpose to commit in the structure or in the separately secured or separately occupied portion of the structure any criminal offense[.]
According to appellant, a defendant violates R.C. 2911.12(A)(1) only if the defendant has an intent to commit a criminal offense at the time of the unlawful entry. While appellant concedes that he broke into the apartment while another person was present, appellant contends that the evidence failed to show that, at the time he did so, he had the purpose to commit any criminal offense in the apartment. We disagree.
First, a defendant need not have the purpose to commit a criminal offense in the structure at the time of the unlawful entry in order to be convicted under R.C. 2911.12(A)(1). Rather, it is sufficient that defendant form such an intent during the commission of the trespass. See State v. Foth (Aug. 15, 1996), Franklin App. No. 95APA12-1621, unreported (1996 Opinions 3271, 3286) ("'Trespass' for purpose of R.C. 2911.12 is not a point in time but the entire period during which the accused is unlawfully on the premises"); cf. State v. Houseman (1990), 70 Ohio App.3d 499,513 ("'The "purpose to commit a felony" element in R.C.2911.13(B), breaking and entering, may be formed while the trespass is in progress, and the plan need not be fashioned prior to the trespass'") (quoting State v. Jones [1981], 2 Ohio App.3d 20, syllabus); contra State v. Waszily (1995), 105 Ohio App.3d 510,514-515 (evidence was insufficient to support conviction for aggravated burglary because it did not support a finding that defendant had the purpose to commit a felony at the moment he entered the dwelling); State v. Lewis (1992), 78 Ohio App.3d 518,522 ("The statutory language above clearly indicates that the trespass in an occupied structure must be contemporaneous with the purpose to commit a theft offense"); see, generally, State v.Clelland (1992), 83 Ohio App.3d 474, 487, fn. 3.[1] As such, the state was not required to prove that appellant intended to commit a felony at the moment he unlawfully entered Laughlin's apartment.
Second, even if such intent were necessary, there was sufficient evidence that appellant entered Laughlin's apartment with the intent to commit a criminal offense. As noted by the trial court in its decision on the record, appellant admitted in his videotape statement to Detective McKee that he broke into the apartment looking for money and/or drugs. This evidence alone is sufficient to support the conviction under R.C. 2911.12(A)(1). Moreover, while appellant testified at trial that he entered the apartment to retrieve his lost keys, the trial court was not required to believe this testimony instead of his prior statement to Detective McKee. See State v. Lakes (1964), 120 Ohio App. 213,217 ("It is the province of the jury to determine where the truth probably lies from conflicting statements, not only of different witnesses but by the same witness").
As such, we find that there was sufficient evidence to convict appellant under R.C. 2911.12(A)(1) and that such conviction was not against the manifest weight of the evidence. Appellant's second assignment of error is not well-taken and is overruled.
For the foregoing reasons, appellant's first assignment of error is sustained to the extent that appellant's sentencing entry does not comport with the sentence pronounced by the trial court at the sentencing hearing, and appellant's second assignment of error is overruled. The judgment of the Franklin County Court of Common Pleas is affirmed in part, reversed in part, and remanded for resentencing.
Judgment affirmed in part, reversed in part; remanded forresentencing.
KENNEDY and BOWMAN, JJ., concur.
[1] Resolution of this conflict has been certified to the Ohio Supreme Court. See State v. Fontes (1999), 85 Ohio St.3d 1408.