DECISION AND JUDGMENT ENTRY
This is an appeal from the ruling of the Chillicothe Municipal Court, denying Defendant-Appellant Robert Moats' motion to suppress the results of an alcohol concentration breath test. Following a plea of no contest, the trial court found appellant guilty of operating a motor vehicle with a prohibited concentration of alcohol, in violation of R.C. 4511.19(A)(3). Appellant argues that the trial court abused its discretion in finding the testimony of the arresting officer more credible than his own. We find no error by the trial court and affirm the judgment below.
Robert Moats was arrested on December 13, 1998, and charged with operating a motor vehicle while under the influence of alcohol in violation of R.C. 4511.19(A)(1). He was also charged with operating a motor vehicle with a prohibited concentration of alcohol in violation of R.C. 4511.19(A)(3). Prior to trial, appellant moved to have all evidence obtained by law enforcement officers suppressed. The motion specifically sought the suppression of statements made by appellant, results of field sobriety tests, results of chemical alcohol tests, and police observations or opinions regarding appellant's sobriety. The trial court overruled appellant's motion in toto, resulting in the dismissal of the charge under R.C. 4511.19(A)(1) and appellant's plea of no contest to the charge under R.C. 4511.19(A)(3) on October 19, 1999.
The motion to suppress was filed by appellant on December 30, 1998. Three grounds were offered for the suppression of this evidence. First, appellant moved that all evidence be suppressed because the arresting officer lacked the requisite reasonable articulable suspicion that appellant had engaged in criminal behavior sufficient to justify the initial stop and did not have probable cause for the arrest. Second, appellant sought the suppression of his statements to the arresting officer on the grounds that he did not receive Miranda warnings and any statements made by him were, therefore, obtained in violation of his rights under the Fourth, Fifth, and Fourteenth Amendments to the United States Constitution. Third, appellant sought the suppression of the results of a chemical breath test administered by police on the grounds that it did not comply with rules and regulations of the Ohio Revised Code and the Ohio Department of Health.
Prior to ruling on this motion, the trial judge, on July 21, 1999, held a hearing on the motion at which both appellant and the arresting officer, Shawn Rourke, testified.
Officer Rourke testified that on December 13, 1998, appellant was observed driving his pick-up truck. The officer watched appellant as he exited a parking lot, executed a right turn over a portion of the curb and sidewalk, and proceeded to swerve erratically while driving down the street. Finally, Mr. Moats was observed executing an extremely wide right turn and crossing into other lanes. Officer Rourke then proceeded to stop appellant's vehicle.
According to his testimony, upon stopping Mr. Moats the officer noted his glassy, bloodshot eyes and the odor of alcohol about his person. The officer also noticed a lack of hand-eye coordination when appellant complied with his requests that appellant produce his driver's license, registration, and proof of insurance. Mr. Moats was asked to exit the vehicle, and as he did so, Officer Rourke noticed appellant struggling with his equilibrium.
Officer Rourke testified that after appellant exited the vehicle, he advised him of his rights per Miranda, which appellant indicated that he understood. The officer did not notice the appellant place anything in his mouth. The officer then proceeded to administer three field sobriety tests, which appellant failed to complete satisfactorily. Officer Rourke then placed appellant under arrest and transported him to the Ross County Jail. The arrest was made at 5:47 a.m. and at 6:59 a.m. a BAC Datamaster test was given to appellant, the results of which showed appellant's alcohol level at .150 percent.
The officer testified that prior to the breath test being given, he observed appellant from 5:36 a.m. until the time the test was actually given. He did not observe Mr. Moats place anything in his mouth from the moment he initially exited his vehicle to the time that the breath test was given. Officer Rourke did not observe appellant remove or spit anything from his mouth within the twenty minutes immediately prior to the test. The Officer also testified that, although he does not remember this particular occasion, he makes it a habit to ask an individual about to be tested whether they have anything in their mouth or if they are wearing false teeth.
Appellant, however, testified that he did not recall Officer Rourke advising him of his Miranda rights when he exited the vehicle. He also testified that when he exited his vehicle he placed some chewing tobacco in his mouth. According to appellant's testimony, he spit out the chewing tobacco at the jail in front of Officer Rourke immediately before taking the breath test. He also testified that he wears dentures and was wearing them on the night he was arrested and at the time he took the breath test.
Based on the testimony given at the hearing and the exhibits admitted into evidence at said hearing, the trial judge overruled the motion to suppress. The trial court found that the stop by the officer was warranted because of the pattern of conduct described, including the driving over the curb and part of the sidewalk and the swerving down the road to making a wide turn. The trial court further found that theMiranda warnings were given and that upon further investigation (the field sobriety tests) Officer Rourke had probable cause to arrest appellant. Finally, the trial court ruled that it did not find appellant's testimony credible, that he spit out the tobacco and immediately blew into the breath testing device. The trial court concluded that appellant had been observed by the officer for the requisite twenty minutes and did not have chewing tobacco in his mouth within the observation period. Appellant subsequently entered a plea of no contest to the charge.
Appellant filed a timely notice of appeal and presents one assignment of error for our review.
 I. THE TRIAL COURT ABUSED ITS DISCRETION [sic] FINDING THE OFFICER'S TESTIMONY MORE CREDIBLE THAN THAT OF THE DEFENDANT.
When conducting a hearing on a motion to suppress, the trial court acts as the trier of fact and is granted broad discretion to assess the credibility of the witnesses. State v. Lewis (1992), 78 Ohio App.3d 518,521, 605 N.E.2d 451, 453. As the trier of fact, the trial court "is in the best position to resolve questions of fact and evaluate witness credibility." State v. Warren (Aug. 12, 1991), Hocking App. No. 90CA7, unreported. The trial court's findings of fact are to be accepted if they are supported by competent, credible evidence. Id.
Alternatively, the abuse of discretion standard of review sought by appellant is a more stringent standard than we need to apply to this case. Abuse of discretion is more than a mere error of law; instead, the trial court's decision must have been unreasonable, arbitrary, or unconscionable. State v. Moreland (1990), 50 Ohio St.3d 58, 61,552 N.E.2d 894, 898. Our role is not to substitute our judgment for that of the trial court. Berk v. Matthews (1990), 53 Ohio St.3d 161, 169,559 N.E.2d 1301, 1308. Rather, our role is to examine the record to determine whether sufficient evidence exists to satisfy the lower court's requisite degree of proof. State v. Shiebel (1990), 55 Ohio St.3d 71,74, 564 N.E.2d 54, 60, citing Ford v. Osborne (1887), 45 Ohio St. 1,12 N.E. 526.
Therefore, the question in this case is not whether the trial court abused its discretion as stated by appellant, but whether its findings of fact were supported by competent, credible evidence. State v. Guyslinger
(1993), 86 Ohio App.3d 592, 594, 621 N.E.2d 726, 727. In making this determination, an appellate court must independently determine, as a matter of law, whether the facts meet the applicable standard. State v.Klein (1991), 73 Ohio App.3d 486, 488, 597 N.E.2d 1141, 1143.
Appellant specifically disagrees with the ruling that the alcohol test results are admissible because the twenty-minute observation period prior to the breath test was not complied with. Appellant claims the court's findings, that no chewing tobacco or tobacco juice had been ingested within that twenty-minute period, and that based on habit, the arresting officer had asked appellant if he wore dentures, were not supported by the requisite quantum of competent, credible evidence.
In order for alcohol tests to be admissible, the state must prove that the specimen was taken and analyzed in compliance with the methods and rules established by the Ohio Department of Health (ODH). State v. Trill
(1991) 66 Ohio App.3d 622, 624, 585 N.E.2d 914, 915. The testing officer(s) must, therefore, substantially comply with ODH rules for the test results to be admissible.
According to ODH regulations, the testing officer must observe the subject for twenty minutes immediately prior to the testing to prevent the oral ingestion of any substance which might compromise the results.Id. However, "the removal of foreign material such as dentures prior to the beginning of the observation period" is not required in order for the testing officer to substantially comply with the ODH rules. State v.Arledge (Dec. 6, 1991), Hocking App. No. 91CA8, unreported.
Since the officer can substantially comply with ODH regulations without the removal of appellant's dentures, this court deems irrelevant the issue of whether or not the officer actually asked if appellant was wearing false teeth. However, the trial court found Officer Rourke to be a credible witness and believed his testimony that he was certain he asked about the dentures because it was his habit to do so. While not relevant to our inquiry, this finding of the court is supported by competent evidence through the testimony and the trial court's observations during the hearing.
The trial court's other factual findings are also supported by competent and credible evidence. The officer testified that he did not observe appellant place anything into his mouth from the time he exited his pick-up truck to when he took the breath test. Although appellant testified differently, that he placed chewing tobacco in his mouth at the point of the stop and didn't spit it out until just before the test, the court's finding is well supported by the testimony of the arresting officer. The trial court was in the optimal position to make the determination as to which witnesses to believe, which to disbelieve, and to give full weight to the testimony of those it deemed credible.
As noted previously, when conducting a hearing on a motion to suppress, the trial court acts as the trier of fact, and it is fundamental that the weight of the evidence and the credibility of witnesses remain determinations for it to make. State v. Fanning (1982)1 Ohio St.3d 19, 437 N.E.2d 583. The trial court's findings are supported by the manifest weight of the evidence, and this court sees no reason to disturb those factual findings. As a matter of law, the factual findings of the trial court satisfy the applicable standard of admissibility for the test results, particularly that the breath test taken by appellant was conducted in a manner which substantially complied with the guidelines established by the ODH.
Accordingly, appellant's assignment of error is OVERRULED. The ruling on the motion to suppress of the Chillicothe Municipal Court is AFFIRMED.
 JUDGMENT ENTRY
It is ordered that the JUDGMENT BE AFFIRMED and Appellee recover of Appellant costs herein taxed.
The Court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this Court directing the Chillicothe Municipal Court to carry this judgment into execution.
If a stay of execution of sentence and release upon bail has been previously granted by the trial court or this court, it is continued for a period of sixty days upon the bail previously posted. The purpose of said stay is to allow appellant to file with the Ohio Supreme Court an application for a stay during the pendency of proceedings in that court. The stay as herein continued will terminate in any event at the expiration of the sixty-day period.
The stay shall earlier terminate if the appellant fails to file a notice of appeal with the Ohio Supreme Court in the forty-five day appeal period pursuant to Rule II, Sec. 2 of the Rules of Practice of the Ohio Supreme Court. Additionally, if the Ohio Supreme Court dismisses the appeal prior to expiration of said sixty days, the stay will terminate as of the date of such dismissal.
A certified copy of the entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure. Exceptions.
David T. Evans, Judge.
Abele, P.J., and Harsha, J.: Concur in Judgment Only.