OPINION.
{¶ 1} Brent Smith, appellant herein, appeals the judgment of the Seneca County Court of Common Pleas, finding him guilty of Domestic Violence, in violation of R.C. 2919.25(A), a fifth-degree felony.
 {¶ 2} The record presents the following facts. Appellant and his wife, Lisa Smith, went camping on the weekend of June 30, 2002. Brent and Lisa were separated and living apart at the time, but were attempting to reconcile. They arrived home on July 1, 2002 and began arguing about an appointment that Lisa had scheduled with a divorce attorney. The argument began around 11:30 a.m. and continued throughout the day.
 {¶ 3} At approximately 8:00 p.m., the argument culminated in a physical altercation between Lisa and appellant. Lisa tried to call the police, but appellant unplugged the phone. Lisa tried to leave, but appellant blocked the door. According to Lisa's testimony, appellant hit her on the head, pushed her to the floor and placed his legs on her chest so that she could not move. Around 9:30 p.m. Lisa went to the Tiffin Police Department and executed a sworn statement regarding the events of the day.
 {¶ 4} Appellant was arraigned August 2, 2002 on charges of domestic violence and pled not guilty. After receiving a subpoena to testify at trial, Lisa's attorney filed notice that Lisa intended to invoke her privilege against self-incrimination and her spousal privilege. On January 22, 2003 the trial court held a hearing on the State's Motion for In Camera Review of Claimed Privilege. Lisa's retained counsel was out of the country, and the trial court gave her the option of having counsel appointed or proceeding without counsel. Lisa stated that she wished to be represented by counsel. The trial court thereby appointed counsel for her and ordered the matter to be heard the next morning before the trial was to begin.
 {¶ 5} The following day, January 23, 2003, the trial court reviewed Lisa's claim of spousal privilege and her privilege against self-incrimination. At the In Camera Review, the State moved to grant Lisa immunity for her actions on July 1, 2002, the date of the incident giving rise to the charges against appellant. This motion was granted by the trial court. The trial court also concluded that spousal privilege did not apply to Lisa's testimony and ordered Lisa to testify.
 {¶ 6} On January 24, 2003, the jury returned a unanimous verdict of guilty to the charge of Domestic Violence against appellant. Appellant was subsequently sentenced to three years of community control with various conditions.
 {¶ 7} It is this verdict from which appellant now seeks relief, presenting eight assignments of error for our review. For clarity of analysis, we have combined the appellant's first and second as well as fifth and sixth assignments of error.
 ASSIGNMENT OF ERROR NO. I The trial court erred when it granted Lisa Smith immunity fromprosecution for her culpability in criminal activities and the grant ofimmunity to Lisa Smith severely prejudiced the rights of the Appellantand did not further the administration of justice.
 ASSIGNMENT OF ERROR NO. II The trial court erred when it forced Lisa Smith to testify afterinvoking her right against self-incrimination in violation of theFifth Amendment of the United States Constitution, severely prejudicing therights of Appellant and did not further the administration of justice.
 {¶ 8} In any criminal proceeding, if a witness refuses to answer on the basis of her privilege against self-incrimination, the court shall compel the witness to answer if (1) the prosecuting attorney makes a written request to the court to order the witness to answer and (2) the court informs the witness that by answering she will receive immunity. R.C. 2945.44. If this procedure is followed, the court must grant the witness immunity unless it finds that doing so would not further the administration of justice.
 {¶ 9} The decision of whether a grant of immunity would further the administration of justice lies within the sound discretion of the trial court. State ex rel. Ney v. Niehaus (1987), 33 Ohio St.3d 118,119. Accordingly, a reviewing court must not disturb the trial court's decision on this issue absent an abuse of discretion. See id.; State v.Tomlinson (1997), 125 Ohio App.3d 13, 18. When applying this standard of review, an appellate court is not free to substitute its judgment for that of the trial court. Berk v. Matthews (1990), 53 Ohio St.3d 161,169. Rather, reversal on appeal is warranted only when the trial court has exercised its discretion unreasonably, arbitrarily, or unconscionably. Id., citing State v. Adams (1980), 62 Ohio St.2d 151,157.
 {¶ 10} In the present case, the prosecuting attorney filed a motion to grant immunity to Lisa on January 23, 2003, the day the trial commenced. The trial judge subsequently granted Lisa immunity from prosecution for any actions taken on July 1, 2002. These procedures satisfied both components of R.C. 2945.44. However, even if the statutory requirements are met, the trial court may not compel a witness's testimony if it does not further the administration of justice. Therefore, our only determination is whether the trial court abused its discretion in finding that compelling Lisa's testimony furthered the administration of justice.
 {¶ 11} We are aware that in domestic violence cases it is not uncommon for the complaining witness to change her story, "forget" details, or recant for any one of a variety reasons including threats of reprisal or genuine reconciliation. See State v. Attaway (1996),111 Ohio App.3d 488; State v. Brown (May 8, 1998), Allen App. No. 1-97-74. It is, therefore, the purpose of the domestic violence statute to impose criminal sanctions upon assaultive behavior even though the relationship between the couple may be marked by cyclical periods of fighting and harmony. Attaway, supra.
 {¶ 12} In the case sub judice, Lisa was the State's primary witness and the case was based almost entirely on her testimony. Had the trial court not compelled her testimony, the act of domestic violence may have gone unpunished. In a domestic violence case the "wrongdoer not only injures his spouse, but he also injures the public * * *." State v.Antill (1964), 176 Ohio St. 61, 64. The testimony of the injured spouse is necessary for the truth to be known, as far as possible, to enable the law to provide justice. Id. Therefore, we find that the trial court did not abuse its discretion in finding that the grant of immunity to Lisa would further the administration of justice.
 {¶ 13} Accordingly, appellant's first and second assignments of error are overruled.
 ASSIGNMENT OF ERROR NO. III The trial court erred when it forced Lisa Smith to testify afterinvoking spousal privilege in violation of ORC Section 2945.42 whichseverely prejudiced the rights of appellant and did not further theadministration of justice.
 {¶ 14} Two different levels of protection exist for communications between spouses. State v. Vanhoy, Henry App. No. 7-2000-01,2000-Ohio-1893. One is spousal competency, provided for in evidentiary rule 601. Id. The other is spousal privilege, provided for in Evid.R. 501 and codified in R.C. 2945.42. Id. These are two distinct legal concepts that interrelate. Therefore, for Lisa to be permitted to testify against appellant she must be competent and there must be no spousal privilege applicable.
 {¶ 15} The appellant argues that Lisa was not competent to testify because the trial court neither determined that she had elected to testify nor informed her that she had a choice. The appellant avers that this rises to the level of plain error. We, however, do not agree.
 {¶ 16} The appellant's argument asserts an interpretation of Evid.R. 601 that is not supported by the text of the rule. Evid.R. 601 provides the following:
Every person is competent to be a witness except:
 (B) A spouse testifying against the other spouse charged with a crimeexcept when either of the following applies:
 (1) A crime against the testifying spouse or a child of either spouseis charged;
(2) The testifying spouse elects to testify. (emphasis added)
 {¶ 17} In the case sub judice, Lisa was the victim of the crime charged. Therefore, it was not necessary that she elect to testify. She was competent to testify pursuant to Evid.R. 601(B)(1). See State v.Robinson (Feb. 12, 1999), Logan App. No. 8-97-20.[1]
 {¶ 18} Appellant further contends that Lisa was protected by spousal privilege. Evid.R. 501 provides that matters of privilege shall be governed by statute and common law as interpreted by the state courts. R.C. 2945.42 codifies the spousal privilege in a criminal trial. Just as an exception to competency exists when the testifying spouse is the victim of the crime charged, R.C. 2945.42 contains an exception toprivilege when the crime charged has been committed against the testifying spouse. Furthermore, the spouses must be living as husband and wife in order for the privilege to apply. State v. Shaffer (1996),114 Ohio App.3d 97, 101 (citation omitted).
 {¶ 19} Since Lisa was the victim of the crime, spousal privilege did not apply to her testimony. Moreover, the record reflects that although Lisa and Brent were still legally married, they were not living as husband and wife on July 1, 2002.
 {¶ 20} We find that it was not error for the trial court to find that Lisa was both competent to testify and that there was no valid claim of spousal privilege applicable.
 {¶ 21} Appellant's third assignment of error is, therefore, overruled.
 ASSIGNMENT OF ERROR NO. IV The trial court erred when it appointed counsel for Lisa Smith whenLisa Smith requested her retained attorney to be present for thein-camera hearing and trial and did not continue the trial until LisaSmith could have her counsel present for said hearing, which severelyprejudiced the rights of Appellant and did not further the administrationof justice.
 {¶ 22} As an initial matter, we note that an appeal is permitted only to correct errors which injuriously affect appellant. Ohio ContractCarriers Assn., Inc. v. Pub. Util. Comm. (1942), 140 Ohio St. 160. A party must demonstrate an injury in fact, which requires a showing that the party has suffered or will suffer a specific injury traceable to the challenged action and that this injury is likely to be redressed if the court invalidates the action or inaction. R.C. 2933.41; State v. Yirga, Wyandot App. No. 16-01-24, 2002-Ohio-2832, ¶ 38 (citations omitted).
 {¶ 23} Appellant has not demonstrated any injury as a result of the trial court's action. It would be pure conjecture to conclude that appellant was convicted because the trial court appointed counsel to represent his wife and did not grant a continuance. Therefore, we find that appellant does not have standing to assert this assignment of error on behalf of his wife.
 {¶ 24} Appellant's fourth assignment of error is overruled.
 ASSIGNMENT OF ERROR NO. V Lisa Smith was deprived of her rights to effective assistance ofcounsel by her retained counsel, in contravention of the Sixth andFourteenth Amendments to the United States Constitution, and ArticleOne, Section Ten of the Ohio Constitution, which severely prejudiced therights of Appellant and did not further the administration of justice.
 ASSIGNMENT OF ERROR NO. VI Lisa Smith was deprived of her rights to effective assistance ofcounsel by her court-appointed counsel, in contravention of the Sixth andFourteenth Amendments to the United States Constitution, and ArticleOne, Section Ten of the Ohio Constitution, which severely prejudiced therights of Appellant and did not further the administration of justice.
 {¶ 25} We again reiterate that an appellant usually does not have standing to argue issues affecting another person. In re Leo D. (Mar. 15, 2002), Lucas App. No. L-01-1452. Appellant has cited no case law that supports his standing to assert the ineffective assistance claims of his wife. However, for the reasons that follow, it is not necessary that we determine this issue.
 {¶ 26} Appellant seems to be arguing that but for the ineffective assistance of counsel Lisa would have successfully asserted her right against self-incrimination and her spousal privilege and would not have testified. The logical extrapolation of appellant's argument is that if she had not testified, the State would not have presented enough evidence to meet their burden of proof and, as a result, appellant would not have been convicted.
 {¶ 27} We find that accepting the appellant's fifth and sixth assignments of error would require an inordinate amount of speculation. Moreover, we have already found herein that the trial court was within its discretion to order Lisa to testify despite her claims of spousal privilege and privilege against self-incrimination. The appellant's fifth and sixth assignments of error appear nothing more than collateral attacks of Lisa's testimony, which testimony we have already found to be admissible. Therefore, we find that these assignments of error are moot.
 {¶ 28} Accordingly, the appellant's fifth and sixth assignments of error are overruled.
 ASSIGNMENT OF ERROR NO. VII The trial court erred when it admitted into evidence the digitalpictures and/or Polaroid pictures in violation of Evidence Rule 403.
 {¶ 29} Appellant argues that the trial court erred in admitting pictures of Lisa's injuries taken by Officer John Dell at the Tiffin Police Department the night of July 1, 2002, when Lisa gave her statement. The appellant maintains that these pictures were highly prejudicial and should not have been shown to the jury.
 {¶ 30} Evid.R. 403(A) provides that although relevant, evidence is not admissible if its probative value is substantially outweighed by the danger of unfair prejudice, of confusion of the issues, or of misleading the jury.
 {¶ 31} Determining whether the probative value of evidence is substantially outweighed by the prejudice to the defendant is a matter for the trial court. State v. Lewis (1992), 78 Ohio App.3d 518. "No * * * judgment of conviction [shall] be reversed in any court because of * * * [t]he admission or rejection of any evidence offered against or for the defendant, unless the defendant was or may have been prejudiced thereby." Crim.R. 33(E)(3). Assuming, without deciding, that the admission of the photographs was in error, such error was harmless and did not prejudice the rights of the defendant.
 {¶ 32} Appellant was charged with violating R.C. 2919.25(A). To be guilty of domestic violence under this statute, one does not have to cause serious injury. A defendant may be found guilty of domestic violence even if the victim sustains only minor injuries, or sustains noinjury at all. State v. Nielsen (1990), 66 Ohio App.3d 609, 612 (emphasis added). Pursuant to this statute, an attempt to cause physical harm to a family or household member is sufficient for a violation.
 {¶ 33} Lisa testified that appellant hit her on the head, pushed her and held her on the ground. Lisa's testimony would have been sufficient in and of itself for the jury to find that the appellant violated R.C. 2919.25 by attempting to cause physical harm to Lisa. Because there was other evidence in the record to support the jury's verdict, we find that the introduction of the digital and Polaroid pictures of Lisa's injuries was, at the most, harmless error.
 {¶ 34} Appellant's seventh assignment of error is overruled.
 ASSIGNMENT OF ERROR NO. VIII The conviction in the trial court should be reversed because it isagainst the manifest weight of the evidence and because the evidencesupporting it was insufficient as a matter of law to prove the convictionbeyond a reasonable doubt.
 {¶ 35} A judgment of a trial court will not be reversed as being against the manifest weight of the evidence if the trial court's judgment is supported by some competent, credible evidence. DeWitt v. DeWitt, Marion App. No. 9-02-42, 2003-Ohio-851, ¶ 10 (citation omitted).
In reviewing whether a verdict is against the manifest weight of theevidence, an appellate court must review the entire record, weigh theevidence and all reasonable inferences, consider the credibility ofwitnesses, and determine whether "the jury clearly lost its way andcreated such a manifest miscarriage of justice that the conviction mustbe reversed and a new trial ordered." State v. Martin, Putnam App. No.12-02-01, 2003-Ohio-735, ¶ 27 (citations omitted).
 {¶ 36} In determining whether a verdict is supported by sufficient evidence, the relevant question is "whether, after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." State v. Johnson (2000), 88 Ohio St.3d 95, 112
(citation omitted). In essence, sufficiency is a test to determine whether the evidence supports the jury's verdict. State v. Thompkins
(1997), 78 Ohio St.3d 380, 386 (citations omitted).
 {¶ 37} As previously noted, Lisa was the prosecution's only eyewitness to the events of July 1, 2002. She testified that appellant hit her in the head, knocked her to the ground and held her there. Officer John Dell of the Tiffin Police Department, who took Lisa's statement the night of July 1, 2002 and investigated her case, also testified regarding his observations and findings. This evidence, if believed, would be sufficient to establish the necessary elements of the offense of domestic violence as charged. Because a verdict of guilty was returned, the jury presumably found this testimony to be credible. The trier of fact is in the best position to observe the witnesses' demeanor; therefore, the weight of the evidence and the credibility of the witnesses are primarily for its determination. See State v. DeHass
(1967), 10 Ohio St.2d 230, paragraph one. We find the evidence was sufficient to prove the crime beyond a reasonable doubt.
 {¶ 38} In light of the evidence of record, we cannot find that the jury "clearly lost its way and created a manifest miscarriage of justice." Accordingly, we do not find that appellant's conviction was against the manifest weight of the evidence.
 {¶ 39} Appellant's eighth assignment of error is overruled.
 {¶ 40} For the reasons set forth herein the judgment of the Seneca County Court of Common Pleas is hereby affirmed.
Judgment affirmed.
BRYANT, P.J., and SHAW, J., concur.
[1] The case that appellant predominantly relies on for this proposition, State v. Adamson (1995), 72 Ohio St.3d 431, is distinguishable from the case at hand. In Adamson, the crime charged was aggravated murder; it was not a crime perpetrated against the testifying spouse. Therefore, the fact that the trial court did not determine that Adamson's spouse had elected to testify nor inform her she had a choice did constitute reversible plain error.