THE STATE OF OHIO, APPELLEE, *v.* THEURING, APPELLANT.

(No. C-870062—Decided
March 23, 1988.)

*Arthur M. Ney, Jr.,* prosecuting attorney, *Paul R. Markgraf* and *R. Thomas Moorhead,* for appellee.

*Peter Rosenwald* and *Edwin L. Hoseus,* for appellant.

*Per Curiam.* This cause came on to be heard upon appeal from the Court of Common Pleas of Hamilton County.

On June 13, 1986, a passenger van crossed the center line of a highway and moved into the path of an automobile coming in the opposite direction. The driver of the car swerved to his left in an unsuccessful attempt to avoid a collision, and a passenger in the car, the wife of the driver, died as a result of the accident.

The driver of the van, defendant-appellant, Terry Theuring, was indicted for aggravated vehicular homicide. R.C. 2903.06. A jury found Theuring not guilty of that charge but guilty of vehicular homicide, R.C. 2903.07, and specifically found that Theuring was under the influence of alcohol at the time of the accident.

In the first of his five assignments of error, Theuring claims that the trial court erred by giving misleading jury instructions[1] and in not giving two in-

---

[1] The challenged instruction dealt with proximate cause. In full the court's charge included the following regarding causation:

"Now, cause, sometimes called proximate cause, is an essential element of the offense charged; that is, of aggravated vehicular homicide. The State charges that an act or failure to act by the defendant caused the death of Lucinda Rice.

"Cause is an act or failure to act which in the natural and continuous sequence directly produces the death, and without which it would not have occurred.

"Cause occurs when the death is the

structions which he requested.[2] In brief, Theuring contends that the instructions given to the jury were prejudicially misleading on the element of cause or proximate cause, and that the instructions he requested would have rectified the error.

We disagree. A defendant is entitled to have his instructions included in the charge to the jury only when they are a correct statement of the law, pertinent and not included in substance in the general charge. See *Cincinnati* v. *Epperson* (1969), 20 Ohio St. 2d 59, 49 O.O. 2d 342, 253 N.E. 2d 785; *State* v. *Snowden* (1982), 7 Ohio App. 3d 358, 7 OBR 458, 455 N.E. 2d 1058. When we consider the trial court's instructions on proximate cause in full, we find them to be a correct, complete and unambiguous statement of the law.

Furthermore, we find that the first requested jury instruction is an incorrect statement of the law. It says in effect that any intervening negligence between a defendant's act (or failure to act) and a particular injury eliminates any possibility that the defendant's act was the proximate cause of that injury. Generally, where the defendant's original act in the natural and continuous sequence of events produces an injury, it is the proximate cause of that injury. *Strother* v. *Hutchinson* (1981), 67 Ohio St. 2d 282, 21 O.O. 3d 177, 423 N.E. 2d 467. Intervening acts, even negligent acts, do not *per se* eliminate the possibility that a prior act may be the proximate cause of a resulting injury.

The second requested jury instruction also incorrectly states the law. The gist of the instruction is that if the jury finds that the driver of the car was *"the* proximate cause" of the passenger's death, then the jury must find Theuring not guilty. The deficiency is that there can be more than one proximate cause of a particular injury. *Taylor* v. *Webster* (1967), 12 Ohio St. 2d 53, 41 O.O. 2d 274, 231 N.E. 2d 870. Therefore, even if we assume that the negligence of the car's driver was *a* proximate cause of his wife's death, that would not, in and of itself, prevent Theuring's actions from being *a* proximate cause of her death. Accordingly, the first assignment of error is overruled.

In the second assignment of error,

---

natural and foreseeable result of an act or failure to act.

"A death is the result of an act or failure to act when it is produced directly by the act or failure to act in a natural and continuous sequence, and would not have occurred without the act or failure to act. It occurs when the death is naturally and foreseeably caused by the act or failure to act.

"And you are instructed that there may be more than one cause. However, if the defendant's act or failure to act was one cause, the existence of other causes is not a defense in this case.

"Now, the causal responsibility of the defendant for an act or failure to act is not limited to its immediate or most obvious result.

"He is responsible for the natural, logical, and foreseeable results that follow in the ordinary course of events from an act or failure to act.

"And this is true even though death is brought about by an intervening act or failure to act, if such intervening act or failure to act which was such as might reasonably be foreseen by a reasonably prudent person as a likely result of the act or failure to act."

[2] The requested instructions stated:

"(1) To hold the defendant criminally responsible for homicide, his act must be the proximate cause of death, without the intervention between it and the fatal result of any other person's negligence.

"(2) If you find that Kenneth Rice [the driver of the car] operated his vehicle in a negligent manner, and such negligence was the proximate cause of death, then you must find the defendant not guilty."

Theuring contends that extrinsic evidence of a witness's prior inconsistent statement (a police report) should have been admitted into evidence. The trial court properly refused to receive the police report into evidence because a proper foundation had not been laid.

From the trial transcript we find that on direct examination the witness, Greg Richter, testified that he was a "couple of hundred yards or so" behind the car that was involved in the accident. Further, Richter testified on cross-examination that the collision occurred about four or five seconds after he saw the passenger van cross the center line. After this testimony Theuring's counsel attempted to introduce Richter's police report (where he stated that he was four to five hundred yards behind the car and that five or six seconds passed before the accident occurred) as extrinsic evidence of a prior inconsistent statement. Evid. R. 613(B).[3]

The trial judge has broad discretion to rule on evidentiary matters, and we cannot reverse on appeal unless the trial judge so abused his discretion that he created prejudicial error. *State* v. *Graham* (1979), 58 Ohio St. 2d 350, 12 O.O. 3d 317, 390 N.E. 2d 805. When extrinsic evidence of a prior inconsistent statement, such as the police report in this case, is offered into evidence pursuant to Evid. R. 613(B), a foundation must be established through direct or cross-examination in which: (1) the witness is presented with the former statement; (2) the witness is asked whether he made the statement; (3) the witness is given an opportunity to admit, deny or explain the statement; and (4) the opposing party is given an opportunity to interrogate the witness on the inconsistent statement. *State* v. *Crawford* (Feb. 6, 1986), Franklin App. No. 85AP-324, unreported.

Richter was shown the police report and asked if it was a "true and accurate" copy of his statement, and he testified that it was accurate. However, Richter was never given an opportunity to admit, explain or deny the truth of those statements. The two statements are not so divergent as to be irreconcilable. Had the disparities been pointed out to Richter, he may have had some explanation. Further, the law of Ohio prior to the adoption of the Rules of Evidence was that if a witness admitted making a prior inconsistent statement, then extrinsic evidence of the statement was not admissible. See *Blackford* v. *Kaplan* (1939), 135 Ohio St. 268, 14 O.O. 118, 20 N.E. 2d 522; *Burt* v. *State* (1872), 23 Ohio St. 394. The Franklin County Court of Appeals has held that the Rules of Evidence do not modify this principle and therefore it is not an abuse of discretion to exclude extrinsic evidence of a prior inconsistent statement when the witness admits making the statement. *State* v. *Johnson* (1983), 10 Ohio App. 3d 14, 10 OBR 20, 460 N.E. 2d 625. Therefore, even assuming the statements were inconsistent, we hold that it was not an abuse of discretion for the trial judge to refuse to admit the police report into evidence. The second assignment of error is overruled.

We find no merit to Theuring's claim in his third assignment of error

---

[3] Evid. R. 613(B) states:

"Extrinsic evidence of a prior inconsistent statement by a witness is not admissible unless the witness is afforded a prior opportunity to explain or deny the same and the opposite party is afforded an opportunity to interrogate him thereon, or the interests of justice otherwise require. This provision does not apply to admissions of a party-opponent as defined in Rule 801 (D)(2)."

that his conviction was against the manifest weight of the evidence. After a thorough review of the entire record of the proceedings before the trial court, we find that the jury did not lose its way and create a manifest miscarriage of justice. *State* v. *Robinson* (1955), 162 Ohio St. 486, 55 O.O. 388, 124 N.E. 2d 148; *State* v. *Martin* (1983), 20 Ohio App. 3d 172, 20 OBR 215, 485 N.E. 2d 717. We overrule the third assignment of error.

Similarly, we find no merit in the fourth assignment of error, which contends that R.C. 4507.16(C),[4] the statute requiring permanent revocation of an automobile operator's permit under certain circumstances, is unconstitutional. In order to show that this statute is unconstitutional, Theuring has the burden to demonstrate by clear and convincing evidence that it bears no real and substantial relationship to a legitimate state interest. *Cincinnati* v. *Welty* (1980), 64 Ohio St. 2d 28, 18 O.O. 3d 211, 413 N.E. 2d 1177, certiorari denied *sub nom. Coyne* v. *Cincinnati* (1981), 451 U.S. 939. Additionally, we must indulge every presumption that the statute is constitutional. *State* v. *McDonald* (1987), 31 Ohio St. 3d 47, 31 OBR 155, 509 N.E. 2d 57.

We believe the purpose of the statute is to protect the public from individuals who have caused fatal traffic accidents while under the influence of alcohol or drugs by permanently revoking their driving privileges. Thus, the statute comes within the legitimate police power of the state, and the test is whether the statute is unreasonable, arbitrary and oppressive, and whether it actually accomplishes the legitimate purpose it is designed to address. *State, ex rel. Church,* v. *Brown* (1956), 165 Ohio St. 31, 59 O.O. 45, 133 N.E. 2d 333.

We find that the challenged statute is constitutional because it bears a real and substantial relationship to the public safety and is not unreasonable, arbitrary or oppressive. See *Inland Steel Development Corp.* v. *Pub. Util. Comm.* (1977), 49 Ohio St. 2d 284, 3 O.O. 3d 435, 361 N.E. 2d 240. The legislature extends the privilege to operate a motor vehicle and may make the privilege subject to conditions that are reasonably related to a legitimate state goal, such as the safety of its citizens. We recognize the inconvenience that such a penalty places on an individual, but that inconvenience cannot be equated with the value of human life. The statute is neither unreasonable nor arbitrary, and it is not oppressive in light of the crucial purpose it serves. Accordingly, the fourth assignment of error is overruled.

In the fifth assignment of error, Theuring contends the court erred in ordering restitution pursuant to R.C. 2929.21(E), which states in relevant part:

"The court may require a person who is convicted of or pleads guilty to a misdemeanor to make restitution for all or part of the property damage that is caused by his offense * * *."

---

[4] R.C. 4507.16(C) stated (see 139 Ohio Laws, Part I, 927, 937):

"The trial judge of any court of record, in addition to or independent of all other penalties provided by law or by ordinance, shall permanently revoke the operator's or chauffeur's license or permit or nonresident operating privileges of any person who is convicted of a violation of section 2903.06 or 2903.07 [vehicular homicide] of the Revised Code if the jury or judge as trier of fact in the case in which the person is convicted finds that the offender was under the influence of alcohol or any drug of abuse, or the combined influence of alcohol or any drug of abuse, at the time of the commission of the offense."

The trial court ordered restitution for funeral expenses and medical bills of the deceased. We hold that the term "property damage" necessarily excludes these kinds of expenses. The restitution pursuant to this statute is limited by its terms to damages to real or personal property. See *Eastlake* v. *Kosec* (1985), 29 Ohio App. 3d 259, 29 OBR 322, 504 N.E. 2d 1180; *State* v. *Orr* (1985), 26 Ohio App. 3d 24, 26 OBR 192, 498 N.E. 2d 181. Accordingly, we validate the last assignment of error.

The judgment is affirmed in part; that part of the sentence ordering restitution for funeral expenses and medical bills is reversed and the cause is remanded to the trial court to determine the proper amount of restitution in accordance with this decision and law.

*Judgment affirmed in part, reversed in part and cause remanded.*

BLACK, P.J., DOAN and KLUSMEIER, JJ., concur.