OPINION
{¶ 1} Defendant-appellant, Alvin R. Linder, appeals from a judgment of the Franklin County Court of Common Pleas finding him guilty of one count of theft, in violation of R.C. 2913.02, and one count of robbery, in violation of R.C. 2911.02, and sentencing him accordingly.
{¶ 2} By indictment filed June 13, 2000, appellant was charged with the counts referenced above. Appellant entered a not guilty plea and proceeded to a jury trial. According to the testimony presented at trial, on June 4, 2000, Amber Harness was closing her jewelry booth at the Columbus Arts Festival. Because this was the last day of the festival, she had a suitcase filled with all of the cash, checks and credit card receipts she received during the festival. The suitcase was placed on the backseat of her truck that was parked near her booth.
{¶ 3} Harness testified that, while she was in the back of her truck packing up her wares, she watched appellant reach into the backseat of her truck and take the suitcase. She then jumped off the truck and grabbed a hold of appellant while he attempted to walk away with the suitcase. Somehow she held on to appellant with one hand while grabbing the suitcase with her other hand as appellant tried to throw the suitcase away. Harness continued to hold onto appellant. Another vendor then assisted her in holding appellant until police arrived.
{¶ 4} The jury found appellant guilty of both the theft and robbery counts, and he was sentenced accordingly by the trial court. Appellant appeals, assigning the following errors:
{¶ 5} "[1.] The defendant was deprived of his constitutional rights to confront and cross-examine a witness and to present evidence in his behalf when the trial court refused to allow defense counsel to question a witness about prior inconsistent statements made by her.
{¶ 6} "[2.] The trial court erred when it entered judgment against the defendant on the charge of robbery when the evidence was insufficient to sustain the conviction and the conviction was against the manifest weight of the evidence presented."
{¶ 7} Appellant's first assignment of error contends that the trial court erred in preventing his counsel from questioning Harness and Officer James Love, using a document prepared by Officer Love. Apparently the document was a summary of the incident that was based upon statements Harness previously made to Officer Love. During cross-examination, appellant's counsel sought to impeach Harness with Officer Love's summary. The prosecutor objected to the use of the summary in this manner, arguing that it was not a prior statement of the witness. The trial court agreed and prevented appellant's counsel from questioning Harness regarding the summary. Later during the trial, counsel for appellant attempted to question Officer Love about the statements Harness made to him, which were the basis for his summary. The trial court also sustained the prosecutor's objection to that line of questioning on grounds of hearsay.
{¶ 8} Evid.R. 613 provides for the impeachment of a witness with a prior inconsistent statement. That rule allows extrinsic evidence of a prior inconsistent statement to be offered into evidence after a proper foundation is established. Evid.R. 613(B); State v. Theuring (1988),46 Ohio App.3d 152, 155. Although appellant now argues that the summary was not being used to impeach the witness, the trial transcript indicates otherwise. It is clear from the trial transcript that appellant's counsel sought to impeach Harness with the summary as a prior inconsistent statement and we will analyze this assignment of error accordingly.
{¶ 9} Appellant argues that the summary is a prior inconsistent statement of Harness. We disagree. Although the term "statement" is not defined in Evid.R. 613, for purposes of criminal law generally and Crim.R. 16 specifically, it includes: (a) a written statement actually signed, or otherwise adopted or approved, by a witness or party; (b) a mechanical recording of the witness's words or transcription thereof; or (c) a substantially verbatim recital of such statement in a continuous narrative form. State v. Moore (1991), 74 Ohio App.3d 334, 340-341. We see no reason to use a different definition of the term when it is used in Evid.R. 613. A summary of a witness's oral conversation becomes a witness's statement only if she has reviewed and signed, or otherwise adopted it, or if it is a nearly verbatim account as opposed to being merely the investigator's own selections, interpretations, or interpolations. Id., citing State v. Jenkins (1984), 15 Ohio St.3d 164,223; State v. Henry (1987), 37 Ohio App.3d 3; see, also, State v. Chaiffetz (June 17, 1999), Marion App. No. 9-98-20.
{¶ 10} Federal courts, interpreting similar language in Fed.R.Evid. 613, have applied the same logic, finding that a third-party's characterization of a witness's oral statement does not constitute a prior statement of the witness unless that witness has subscribed to or endorsed that characterization, or if the words are a verbatim transcript of the witness's own words. United States v. Almonte (C.A.2, 1992), 956 F.2d 27, 29; United States v. Schoenborn (C.A.7, 1993), 4 F.3d 1424, 1429 n. 3; Bank Brussels Lambert v. Credit Lyonnais S.A. (S.D.N.Y. 2001), 168 F. Supp.2d 57, 60. "If a third party's notes reflect only that note-taker's summary characterization of a witness's prior statement, then the notes are irrelevant as an impeaching prior inconsistent statement, and thus inadmissible." Almonte, supra, at 29. The burden is on the party seeking admission of the summary to show that the notes are more than just that third-party's characterization. Id.; Schoenborn, supra, at 1427.
{¶ 11} Appellant failed to show that the summary was anything more than Officer Love's characterization of Harness's prior oral statements. There was no indication that the summary was reviewed, signed or otherwise adopted by Harness as her own. Neither was the summary demonstrated to be a verbatim recital of Harness's narrative. Cf. State v. Ponce (Oct. 10, 1996), Franklin App. No. 95APA11-1450 (determining, pursuant to Crim.R.16, that notes of the police officer were not statements of witness); Chaiffetz, supra (same). Therefore, the trial court did not err in preventing counsel from impeaching Harness with the summary because it was not a prior inconsistent statement of Harness for purposes of Evid.R. 613. See Dellenbach v. Robinson (1993),95 Ohio App.3d 358, 369-370 (refusing to allow impeachment, pursuant to Evid.R. 613[B], with hospital records that were not the witness's statements); cf. State v. Jones (Oct. 22, 1998), Franklin App. No. 98AP-129 (interpreting Evid.R. 803[5]'s requirement of a statement in finding witness improperly questioned regarding prior statements contained in a detective's summary not adopted by the witness).
{¶ 12} The trial court also did not err in limiting defense counsel's questioning of Officer Love concerning the statements Harness made to him on which his summary was based. Appellant's counsel failed to lay any foundation for admitting this evidence for impeachment purposes as required by Evid.R. 613(B). Harness was never asked whether she told Officer Love a different version of events than what she described during her trial testimony. Absent such a foundation, the statements were inadmissible. Evid.R. 613(B). Accordingly, appellant's first assignment of error is overruled.
{¶ 13} Appellant's second assignment of error alleges that his robbery conviction was not supported by sufficient evidence and was against the manifest weight of the evidence because the state failed to prove that appellant used force in committing the offense. "The legal concepts of sufficiency of the evidence and weight of the evidence are both quantitatively and qualitatively different." Thompkins, supra, paragraph two of the syllabus. Therefore, each standard will be separately delineated.
{¶ 14} The Ohio Supreme Court described the role of an appellate court presented with a sufficiency of the evidence argument in State v. Jenks (1991), 61 Ohio St.3d 259, paragraph two of the syllabus:
{¶ 15} "An appellate court's function when reviewing the sufficiency of the evidence to support a criminal conviction is to examine the evidence admitted at trial to determine whether such evidence, if believed, would convince the average mind of the defendant's guilt beyond a reasonable doubt. The relevant inquiry is whether, after viewing the evidence in a light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime proven beyond a reasonable doubt. * * *"
{¶ 16} Whether the evidence is legally sufficient is a question of law, not fact. State v. Thompkins (1997), 78 Ohio St.3d 380, 386. Indeed, in determining the sufficiency of the evidence, an appellate court must "give full play to the responsibility of the trier of fact fairly to resolve conflicts in the testimony, to weigh the evidence, and to draw reasonable inferences from basic facts to ultimate facts." Jackson v. Virginia (1979), 443 U.S. 307, 319, 99 S.Ct. 2781,61 L.Ed.2d 560. Consequently, the weight of the evidence and the credibility of the witnesses are issues primarily determined by the trier of fact. State v. Yarbrough, 95 Ohio St.3d 227, 2002-Ohio-2126, at ¶ 79; State v. Thomas (1982), 70 Ohio St.2d 79, 79-80. A jury verdict will not be disturbed unless, after viewing the evidence in the light most favorable to the prosecution, it is apparent that reasonable minds could not reach the conclusion reached by the trier of fact. State v. Treesh (2001),90 Ohio St.3d 460, 484; Jenks, supra, at 273.
{¶ 17} A manifest weight argument is evaluated under a different standard. "The weight of the evidence concerns the inclination of the greater amount of credible evidence offered in a trial to support one side of the issue rather than the other." State v. Brindley, Franklin App. No. 01AP-926, 2002-Ohio-2425, at ¶ 16. In order for a court of appeals to reverse the judgment of a trial court on the basis that the verdict is against the manifest weight of the evidence, the appellate court must disagree with the factfinder's resolution of the conflicting testimony. Thompkins, supra, at 387. The court, reviewing the entire record, weighs the evidence and all reasonable inferences, considers the credibility of witnesses, and determines whether, in resolving conflicts in the evidence, the jury clearly lost its way and created such a manifest miscarriage of justice that the conviction must be reversed and a new trial ordered. The discretionary power to grant a new trial should be exercised only in the exceptional case in which the evidence weighs heavily against the conviction. Id. at 387, quoting State v. Martin (1983), 20 Ohio App.3d 172, 175.
{¶ 18} A robbery conviction requires the state to prove beyond a reasonable doubt that appellant, in attempting or committing a theft offense, or in fleeing immediately after the attempt or offense, used or threatened the immediate use of force against another. R.C.2911.02(A)(3). Force is defined as "any violence, compulsion, or constraint physically exerted by any means upon or against a person or thing." R.C. 2901.01(A). The force required for robbery requires actual or potential harm to a person. State v. Morgan (Jan. 13, 2000), Franklin App. No. 99AP-307. Harness testified that, when appellant began to leave with her suitcase, she grabbed onto him with one hand. Appellant then dragged Harness some distance and attempted to pull her shirt over her head in an apparent attempt to flee.
{¶ 19} This testimony, when viewed in the light most favorable to the prosecution, is sufficient to prove beyond a reasonable doubt that appellant used immediate force against Harness. This court has determined that the use of force in fleeing immediately after and/or in resisting apprehension for a theft offense constitutes the immediate use of force to sustain a robbery conviction. Id.; State v. Jones (June 11, 1998), Franklin App. No. 97APA08-1105; see, also, State v. Nelson (May 9, 2001), Medina App. No. 3103-M (force exerted in effort to escape apprehension sufficient for robbery conviction); State v. Sumlin (June 15, 2000), Cuyahoga App. No. 76261 (same). In this case, appellant dragged Harness some distance and attempted to pull her shirt over her head in an attempt to escape her grasp. This conduct had the potential to harm Harness and is sufficient to prove beyond a reasonable doubt the immediate use of force. Similarly, this evidence indicates that the conviction was not against the manifest weight of the evidence. Therefore, appellant's second assignment of error is overruled.
Having overruled appellant's two assignments of error, the judgment of the Franklin County Court of Common Pleas is affirmed.
Judgment affirmed.
TYACK, P.J., and PETREE, J., concur.