[Cite as *State v. Morgan*, 2012-Ohio-4937.]

# Court of Appeals of Ohio

### EIGHTH APPELLATE DISTRICT
### COUNTY OF CUYAHOGA

JOURNAL ENTRY AND OPINION
**No. 97934**

## STATE OF OHIO

PLAINTIFF-APPELLEE

vs.

## WALTER MORGAN

DEFENDANT-APPELLANT

## JUDGMENT:
AFFIRMED

Criminal Appeal from the
Cuyahoga County Court of Common Pleas
Case No. CR-544807

**BEFORE:** Celebrezze, J., Blackmon, A.J., and Sweeney, J.

**RELEASED AND JOURNALIZED:** October 25, 2012

**ATTORNEY FOR APPELLANT**

John B. Gibbons
2000 Standard Building
1370 Ontario Street
Cleveland, Ohio   44113


**ATTORNEYS FOR APPELLEE**

Timothy J. McGinty
Cuyahoga County Prosecutor
BY:    Louis J. Brodnik
        Marc D. Bullard
Assistant Prosecuting Attorneys
The Justice Center
1200 Ontario Street
Cleveland, Ohio 44113

FRANK D. CELEBREZZE, JR., J.:

**{¶1}** Appellant, Walter Morgan, asserts on appeal that a new trial is necessary where multiple errors in procedure occurred in the jury instructions and jury deliberations during his trial. He claims the trial court erred in giving a "*Howard*" charge when the jury instructions and jury forms contained contradictory statements that caused the jury's inability to reach a unanimous verdict. After a thorough review of the record and law, we affirm appellant's convictions.

## I. Factual and Procedural History

**{¶2}** On September 25, 2010, Markita McCrimon loaned her car, a Ford Focus, to appellant at approximately 7:00 p.m. Between 7:00 and 7:30 p.m., Officer Kenneth Wohlheter of the Cleveland Metropolitan Housing Authority ("CMHA") observed a Ford Focus run a stop sign. The officer attempted to pull the car over by activating his lights and siren. Officer Wohlheter testified the car did not stop, but continued on for approximately one mile at speeds of 35 to 40 miles per hour. During the chase, Officer Wohlheter observed the driver of the car throw a baseball-sized object out the passenger window. The chase ended abruptly when the driver of the car slammed on the brakes, put the car in park, opened the door, and fled.

**{¶3}** Officer Wohlheter testified he saw the driver clearly as the driver exited the vehicle and looked back at him. He testified that he got a good look at the driver and later identified appellant as the driver of the car.

**{¶4}** Officer Wohlheter and his partner, Officer Michael Jones, gave chase but were unsuccessful in apprehending the driver of the car. He did, however, find an insurance card and a receipt in the glove box that led them to McCrimon.

**{¶5}** Officer Wohlheter also testified that he had broadcast the location of the item the driver had thrown out the window during the case. He went back to this location after the search for the driver ended and met CMHA Officer Kenneth Lundy, who testified he retrieved a plastic baggie containing approximately 38 grams of crack cocaine at the location Wohlheter had broadcast.

**{¶6}** Appellant was eventually tracked down and, on December 22, 2010, he was arraigned and charged with one count of drug trafficking, in violation of R.C. 2925.03(A)(2) (Count 1); one count of drug possession, in violation of R.C. 2925.11(A) (Count 2); one count of tampering with evidence, in violation of R.C. 2921.12(A)(1) (Count 3); and one count of failure to obey the order or signal of a police officer, in violation of R.C. 2921.331(B) (Count 4). A jury trial commenced on December 6, 2011. At the end of the state's case, the trial court partially granted appellant's Crim.R. 29 motion by amending Count 4 to a lesser included offense of failure to comply, in violation of R.C. 2921.331(A).

**{¶7}** At the end of closing arguments, without objection, the court adjourned without instructing the jury because it was late in the day. The jury instructions were given first thing in the morning on December 8, 2011, and the jury set about deliberating. The jury addressed several questions to the judge. Twice the jury asked to see a police report, marked as Defense Exhibit B, that appellant's attorney used in the cross-examination of Officer Wohlheter and in the direct examination of Officer Jones. The police report was prepared by Officer Jones and contained statements made by Officer Wohlheter. Appellant had asked that it be admitted, but the trial court denied that request. The trial court informed the jury that the report was not admitted and would not be provided.

**{¶8}** The jury indicated three times that they were at an impasse and specifically mentioned Counts 1, 2, and 3. On December 9, 2011, after the third time, the trial court gave the jury a supplemental "*Howard*" instruction[1] without objection from appellant or the state. The jury later pointed out that the verdict form for Count 2, drug possession, may be incorrect. The court examined the forms on the record and found that the jury instructions were correct, but that page two of the verdict form for drug possession — the finding of the amount of drugs involved — incorrectly referred to a finding of guilt for drug trafficking when it should have referred to drug possession. The court corrected this page and sent the jury back to deliberate.

---

[1] *State v. Howard*, 42 Ohio St.3d 18, 537 N.E.2d 188 (1989).

{¶9} The jury reached a verdict later that day finding appellant not guilty of drug trafficking, but guilty of drug possession in an amount greater than 25 grams but less than 100 grams of crack cocaine. The jury also found appellant guilty of tampering with evidence and failure to obey the order or signal of a police officer. The trial court referred appellant for a presentence investigation report, and sentencing was set for January 12, 2012. On that date, appellant was sentenced to a five-year prison term for drug possession, to be served concurrently to a one-year term for tampering with evidence, but consecutively to a six-month term for failure to comply, for an aggregate term of five years and six months. The trial court then properly informed appellant of postrelease control.

{¶10} Appellant timely filed an appeal from these convictions, raising a single assignment of error: "The trial court committed multiple instances of plain error by submitting confusing responses to jury questions and by delivering an unnecessary and unwarranted *Howard* charge and by amending the jury instructions and verdict forms when an error became apparent in jury deliberations."

II.  Law and Analysis

**{¶11}** Appellant relies on this court's ability to recognize plain error, pursuant to Crim.R. 52(B) and App.R. 12(A), to seek a new trial.  To constitute plain error, the error must be obvious on the record, palpable, and fundamental, so that it should have been apparent to the trial court without objection.  *See State v. Tichon*, 102 Ohio App.3d 758, 767, 658 N.E.2d 16 (9th Dist.1995).  Moreover, plain error does not exist unless the appellant establishes that the outcome of the trial clearly would have been different but for the trial court's allegedly improper actions.  *State v. Waddell*, 75 Ohio St.3d 163, 166, 1996-Ohio-100, 661 N.E.2d 1043. Notice of plain error is to be taken with utmost caution, under exceptional circumstances, and only to prevent a manifest miscarriage of justice.  *State v. Phillips*, 74 Ohio St.3d 72, 83, 1995-Ohio-171, 656 N.E.2d 643.

**{¶12}** Appellant's single assignment of error includes several allegations of error. He first argues the trial court's responses to jury questions were confusing.

A. Admittance of Evidence

**{¶13}** The jury requested to see the police report authored by Officer Jones, labeled as Defense Exhibit B.  The trial court responded "[n]o."  The jury again requested to see the report and included page 11 of the jury instructions, which stated that the jury would be provided all evidence admitted at trial.[2]  The court responded that the report was not admitted and would not be provided.  Appellant argues the trial court

---

[2] The jury also asked other questions not pertinent here, including how it should handle the order of the charges and whether they had to reach a consensus on all counts or consider them individually.

should have supplied the jury with the report. However, the court excluded it from evidence without objection from appellant. Appellant now argues this was error. This appears to be a collateral attack on the decision of the trial court to deny appellant's request to admit the police report as substantive evidence at the close of his case.

{¶14} The introduction of evidence at trial falls within the sound discretion of the trial court. Evid.R. 104; *State v. Heinish*, 50 Ohio St.3d 231, 553 N.E.2d 1026 (1990). A trial court abuses its discretion when it acts in an unreasonable, arbitrary, or unconscionable manner. A reviewing court should not substitute its judgment for that of the trial court. *See generally State v. Jenkins*, 15 Ohio St.3d 164, 473 N.E.2d 264 (1984).

{¶15} Appellant was using the police report to cross-examine the state's witnesses in an effort to discredit Officer Wohlheter's identification of him. Appellant attempted to use the report as a prior inconsistent statement to show that Officer Wohlheter could not identify him. This is allowed by Evid.R. 613. However, it constitutes extrinsic evidence of a prior statement. Extrinsic evidence is not admissible under Evid.R. 613(B) unless a proper foundation for its admission is set forth.

> [A] foundation must be established through direct or cross- examination in which: (1) the witness is presented with the former statement; (2) the witness is asked whether he made the statement; (3) the witness is given an opportunity to admit, deny or explain the statement; and (4) the opposing party is given an opportunity to interrogate the witness on the inconsistent statement.

*State v. Theuring*, 46 Ohio App.3d 152, 155, 546 N.E.2d 436 (1st Dist.1988).

**{¶16}** Appellant was permitted to cross-examine Officer Wohlheter using the report and insinuated that contradictions existed between his in-court testimony and statements in the report. Appellant was using the report consistent with impeachment evidence, ostensibly under Evid.R. 613, but according to Officer Wohlheter's testimony, it was not a prior inconsistent statement. The report was silent on whether Officer Wohlheter had seen appellant's face. Officer Wohlheter testified he informed Officer Jones that he got a good look at the driver before Officer Jones wrote the report. The police report did not have a contradictory statement to Officer Wohlheter's testimony. The report was silent on this point.

**{¶17}** Further, appellant never objected to the exclusion of the police report or argued any justification for its admittance as substantive evidence. The police report may have been admissible under Evid.R. 803(8). This rule excludes out-of-court statements from being classified as hearsay where the statements are

> [r]ecords, reports, statements, or data compilations, in any form, of public offices or agencies, setting forth (a) the activities of the office or agency, or (b) matters observed pursuant to duty imposed by law as to which matters there was a duty to report, excluding, however, in criminal cases matters observed by police officers and other law enforcement personnel, unless offered by defendant, unless the sources of information or other circumstances indicate lack of trustworthiness.

*Id.* However, appellant never laid a proper foundation for admission of the report under this hearsay exception. He failed to establish that the police report was generated pursuant to any duty imposed by law. He questioned Officer Jones to establish that

Officer Jones wrote the report, but did not question him regarding any obligation. *State v. Wilson*, 8th Dist. No. 87205, 2006-Ohio-4108, ¶ 22.

{¶18} Therefore, the trial court could properly exclude the report from being admitted as substantive evidence where appellant advanced none of these theories for its admittance at the appropriate time. Because the report was not admitted, the court did not commit plain error when it did not provide it to the jury when it was requested.

## B. The *Howard* Charge

{¶19} Next, appellant argues that the trial court erred by delivering a *Howard* charge when the jury appeared deadlocked. Where it appears to a trial court that a jury is incapable of reaching a consensus, the court, in its discretion, may make a last-ditch effort to prod the jury into reaching a unanimous verdict so long as its instructions are balanced, neutral, and not coercive. *Howard*, 42 Ohio St.3d 18, 24, 537 N.E.2d 188. Rejecting other alternatives, the Ohio Supreme Court dictated the instruction to be given:

> The principal mode, provided by our Constitution and laws, for deciding questions of fact in criminal cases, is by jury verdict. In a large proportion of cases, absolute certainty cannot be attained or expected. Although the verdict must reflect the verdict of each individual juror and not mere acquiescence in the conclusion of your fellows, each question submitted to you should be examined with proper regard and deference to the opinions of others. You should consider it desirable that the case be decided. You are selected in the same manner, and from the same source, as any future jury would be. There is no reason to believe the case will ever be submitted to a jury more capable, impartial, or intelligent than this one. Likewise, there is no reason to believe that more or clearer evidence will be produced by either side. It is your duty to decide the case, if you can conscientiously do so. You should listen to one another's arguments with a disposition to be persuaded. Do not hesitate to reexamine your views and change your position if you are convinced it is erroneous. If there is disagreement, all jurors should reexamine their positions, given that a unanimous verdict has

not been reached. Jurors for acquittal should consider whether their doubt is reasonable, considering that it is not shared by others, equally honest, who have heard the same evidence, with the same desire to arrive at the truth, and under the same oath. Likewise, jurors for conviction should ask themselves whether they might not reasonably doubt the correctness of a judgment not concurred in by all other jurors.

*Id.* at paragraph two of the syllabus.

{¶20} "Whether a jury is irreconcilably deadlocked is a '"necessarily discretionary determination"' for the trial court to make." *State v. Gapen,* 104 Ohio St.3d 358, 2004-Ohio-6548, 819 N.E.2d 1047, ¶ 127, quoting *State v. Brown*, 100 Ohio St.3d 51, 2003-Ohio-5059, 796 N.E.2d 506, ¶ 37, quoting *Arizona v. Washington*, 434 U.S. 497, 98 S.Ct. 824, 54 L.Ed.2d 717 (1978), fn. 28.

{¶21} The trial court gave the *Howard* instruction after the jury had three times indicated they were deadlocked and after a full day-and-a-half of deliberations. Other courts have upheld the issuance of a *Howard* charge after shorter periods of time where the jury appeared deadlocked. *State v. Rhines*, 2d Dist. No. 24417, 2012-Ohio-3393 (charge issued after 11 hours of deliberations); *State v. McDowell*, 10th Dist. No. 10AP-509, 2011-Ohio-6815 (charge given after jury deliberated one-and-a-half days); *State v. Shepard*, 10th Dist. No. 07AP-223, 2007-Ohio-5405, ¶ 11 (citing cases where the charge has been upheld after only a few hours of deliberations). Given the statements from the jury, that deliberations were becoming uncomfortable where it was merely rehashing the same arguments over and over, the trial court could properly determine that the jury was deadlocked.

{¶22} The trial court did not commit error, let alone plain error, by giving a *Howard* instruction in this case where the jury indicated it was deadlocked after significant deliberations.

### C. Amendment of Jury Instructions and Verdict Forms

{¶23} Finally, appellant asserts that the trial court erred by amending the jury instruction and verdict forms and that these errors meant the jury truly was not deadlocked, and thus the *Howard* charge was inappropriate.

{¶24} It must first be noted that there were no errors in the jury instructions at the time the *Howard* charge was given. An error in the jury instructions was noticed by the state at the time the jury was initially charged, and the court modified the instructions accordingly. At the time the *Howard* charge was given, the jury instructions were correct.

{¶25} There was, however, a clerical error on the second page of the verdict form for the amount of drugs involved in the count of drug possession. The form indicated that if the jury found the defendant guilty of drug *trafficking*, it should then indicate the amount of controlled substance involved. The form should have stated that if the jury found the defendant guilty of drug *possession*, it should then indicate the amount involved. This error had no impact on the jury's deliberations because it related only to the amount involved and would only be addressed after the jury reached consensus on guilt for drug possession.

**{¶26}** Because the jury indicated in written questions to the court that it could not reach a unanimous verdict on Counts 1, 2, and 3, this error likely had no impact on deliberations. Therefore, the trial court did not commit plain error in correcting the jury verdict form or in giving a *Howard* instruction prior to correcting the form. The error in the verdict form for Count 2 had little or no impact on the jury's impasse and no impact on the court's decision to give the *Howard* charge.

## III. Conclusion

**{¶27}** The trial court did not commit plain error when it gave the jury a *Howard* charge when the jury indicated it was truly deadlocked. Appellant's argument that the jury was not deadlocked, but was confused by errors in the jury instructions and verdict forms is not persuasive. The jury instructions were correct, and a minor error in the verdict form did not cause the jury's impasse. Further, the trial court's answers to jury questions were proper. The evidence that appellant argues should have been provided to the jury was excluded as substantive evidence. Therefore, the trial court's responses to the jury were correct.

**{¶28}** Judgment affirmed.

It is ordered that appellee recover from appellant costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution. The defendant's conviction having

been affirmed, any bail pending appeal is terminated. Case remanded to the trial court for execution of sentence.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.


FRANK D. CELEBREZZE, JR., JUDGE

PATRICIA A. BLACKMON, A.J., and
JAMES J. SWEENEY, J., CONCUR